[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13186
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-14149-JEM

DANIEL E. KOWALLEK,

Plaintiff-Appellant,

versus

RELATION INSURANCE SERVICES OF FLORIDA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 18, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Daniel Kowallek, proceeding pro se, appeals from the district court's order dismissing his complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  Kowallek challenges the procedure employed by the district court and contends the district court improperly applied the *Rooker-Feldman* doctrine to his claim for unjust enrichment.  After review, we affirm.

## I.  DISCUSSION

### A.  *Procedural Issues*[1]

Kowallek first contends the magistrate judge prematurely issued her report and recommendation without giving him an opportunity to respond to Appellee Relation Insurance Services of Florida, Inc.'s (Relation) renewed motion to dismiss his complaint.[2]  That challenge lacks merit because, among other reasons, Kowallek's response was before the district court when it determined whether to adopt the magistrate judge's report and recommendation.  Thus, even if we were to assume the magistrate judge erred by prematurely issuing her report and recommendation, Kowallek suffered no resulting prejudice.[3]

---

[1] We review whether the district court followed proper procedures for abuse of discretion. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) ("[I]t would be an abuse of the district court's discretion to apply an inappropriate legal standard or fail to follow the proper procedures in making its determination.").

[2] Relation's motion to dismiss (USDC Doc. 18) merely incorporated by reference the arguments it raised in a previous motion to dismiss (USDC Doc. 12) to which Kowallek both filed a response (USDC Doc. 13) and amended his complaint (USDC Docs. 14–15).

[3] Kowallek also contends the magistrate judge erred by considering materials from an appendix Relation filed with its initial motion to dismiss.  Specifically, Kowallek contends the

2

*B.* Rooker-Feldman[4]

Under the *Rooker-Feldman* doctrine, the lower federal courts lack jurisdiction to review final judgments issued by state courts. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013). But the *Rooker-Feldman* doctrine is narrow in scope. *See id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). It applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (quotation omitted).[5]

To determine whether a claim invites rejection of a state court decision, we consider whether the claim "was either (1) one actually adjudicated by a state court or (2) one 'inextricably intertwined' with a state court judgment." *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). A

appendix allowed Relation to circumvent the page limits on its motion to dismiss and violated Eleventh Circuit Rule 30-1(a). Kowallek misunderstands the governing rules. In any event, he waived this argument by not first presenting it to the district court for consideration. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

[4] We review de novo a dismissal for lack of federal subject-matter jurisdiction. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). The party invoking subject-matter jurisdiction bears the burden of proving its existence. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

[5] The parties do not dispute that the state-court proceedings have ended for purposes of applying the *Rooker-Feldman* doctrine. *See Nicholson*, 558 F.3d at 1275.

3

claim is inextricably intertwined "if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (quotation omitted).  But a claim is not inextricably intertwined unless it "rais[es] a question that was or should have been properly before the state court." *Id.*

Kowallek contends his unjust-enrichment claim is independent of the state court's judgment for purposes of *Rooker-Feldman*, because he could establish an unjust-enrichment claim under Florida law without referencing that judgment.  But the relevant inquiry is not whether Kowallek's claim necessarily references the state court's judgment; it is whether Kowallek's claim seeks to "*effectively* nullify the state court judgment [or] succeeds only to the extent that the state court wrongly decided the issues." *Target Media Partners*, 881 F.3d at 1286 (emphasis added).

According to Kowallek's amended statement of his claim, Relation received the bond proceeds in violation of 42 U.S.C. § 407.  From that premise, Kowallek contends Relation should be forced to return the proceeds—despite the state court's rejection of his argument that the bond proceeds are exempt from release under § 407—because it would be unjust to allow Relation to keep proceeds that were released in violation of § 407.  In other words, Kowallek asks the federal court to effectively nullify the state court's decision to release the bond proceeds to

4

Relation.  *See Target Media Partners*, 881 F.3d at 1286.  The district court thus did not err by concluding Kowallek's unjust-enrichment claim was inextricably intertwined with the state court's judgment.

## II.  CONCLUSION

Kowallek was not prejudiced by the timing of the magistrate judge's report and recommendation, and the district court did not err by dismissing Kowallek's complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[6]  We deny Relation's request for sanctions, however, because Kowallek's challenge to the district court's application of the *Rooker-Feldman* doctrine is not frivolous—especially in light of Kowallek's pro se status.

**AFFIRMED.**

---

[6] Because we conclude the district court lacked jurisdiction under the *Rooker-Feldman* doctrine, we need not decide whether the district court otherwise would have had federal-question jurisdiction over an unjust-enrichment claim brought under state law on the basis of a purported violation of 42 U.S.C. § 407.